IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS GREGORY DODSON II, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-577-D-BN |
| | § | |
| JEANIE TOLAND-SCOTT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Dennis Gregory Dodson II, a former Texas prisoner, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that five employees of the Sanders Estes Unit of the Texas Department of Criminal Justice have denied him access to the courts and retaliated against him for pursuing his legal rights. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On February 4, 2013, Plaintiff filed a complaint seeking unspecified damages and injunctive relief for various acts of retaliation and denial of access to the courts by officials of the Sanders Estes Unit. The Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. Nos. 5 & 7. On February 6, 2013, the Court sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of his suit. *See* Dkt. No. 6. Plaintiff was warned

that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.* at 1.

On March 6, 2013, Plaintiff filed a partial response to the questionnaire and correspondence requesting additional time to fully comply with the Court's order. *See* Dkt. Nos. 8 & 9. The Court granted Plaintiff's request, extending the deadline for Plaintiff to answer the interrogatories to April 10, 2013. *See* Dkt. No. 10. Once again, Plaintiff was admonished that "failure to file answers to the Questionnaire may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.*

On March 26, 2013, the Court received a notice of change of address from Plaintiff and re-sent the Order to his new address. *See* Dkt. Nos. 11 & 12. The Court then gave Plaintiff a final chance to cure the deficiency by May 9, 2013. *See* Dkt. No. 13 at 2. The Court again warned Plaintiff that failure to respond to the interrogatories "may result in the imposition of sanctions, including dismissal of the action for want of prosecution pursuant to Fed. R. Civ. P. 41(b)."

Plaintiff has again failed to respond to the Questionnaire.

The undersigned now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157

F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

The Court sent written interrogatories to Plaintiff more than 13 weeks ago. Plaintiff has not answered the interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case.

The Court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the Defendants. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.

Dismissal is warranted under these circumstances. *See Wiggins v. Management and Training Corp.,* No. 3:03-cv-1547-L, 2003 WL 22259080, at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted,* 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories); *accord Champagne v. Zoley*, No. 3-08-cv-2264-D, 2009 WL 980138 (N.D. Tex. Apr. 10, 2009).

## Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: May 17, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE